## Case No. 12,148.

### Ex parte RUSSELL.

### In re PAUL et al.

[16 N. B. R. 476.] [1]

District Court, D. Massachusetts. Dec., 1877.

BANKRUPTCY — NOTE INDORSED — PROTEST AND NOTICE—PROOF AGAINST JOINT ASSETS.

Where a firm, which has indorsed a note of one of the partners, becomes bankrupt before the maturity of such note, protest and notice to the firm of its dishonor are not necessary in order to prove it against the joint assets.

In bankruptcy.

LOWELL, District Judge. This case has been submitted to me on a short statement of facts without argument. The note which Mr. A. W. Russell offers to prove against the assets of the firm was made by Joseph F. Paul, and indorsed by Joseph F. Paul & Son. The partners were made joint bankrupts before the maturity of the note, and it was not protested, and no notice was given to the firm of its dishonor. It is settled that where one partner accepts a bill drawn by his firm, or makes a note which his firm indorse, demand on him and notice of his default are unnecessary, because the knowledge of one is the knowledge of all. Porthouse v. Parker, 1 Camp. 82; Rhett v. Poe, 2 How. [43 U. S.] 457. It has been held that if one partner makes the note, and the other indorses it, though for a firm debt, there must be demand and notice, because they are binding themselves separately. Foland v. Boyd, 11 Harris [23 Pa. St.] 476. Here, however, that point does not arise. When the parties, or any of them, to the note or bill are bankrupt, notice is not dispensed with. In the leading case on this subject, Bayley, J., expressed himself somewhat cautiously: "It is not necessary to decide in this case whether, in the event of the bankruptcy of a party entitled to notice, the holder is bound to endeavor to find out his assignees; nor is it necessary to say what would be the case, if such a party's house was shut up, and there were no means afforded there of discovering him or his representatives; for, in this case, the bankrupt's house continued open; the agent of his representatives, the messenger, who was also in some degree his representative, was there, and a notice there would have reached the assignees, etc." Rhode v. Proctor, 4 Barn. & C. 517, 523. Since the decision in that case, it has usually been laid down in the books that before the appointment of assignees there should be notice to the bankrupt, or to the messenger or registrar (in England), and, after the appointment, to the assignees. In a late case, it is held that no-

---

1 [Reprinted by permission.]

tice to the bankrupt will in all cases be enough, whether the assignees have been appointed or not. Ex parte Baker, 4 Ch. Div. 795. I suppose the result of the decisions is that notice may be given either to the assignees or to the bankrupt, as the holder may find most convenient. Whichever way it is taken, there would be no necessity for notice here, because the same person is assignee of both the bankrupts; and as to the bankrupts themselves, if they remain capable of receiving notice, they must retain their right to waive it or their liability to having it taken for granted. See, also, as directly in point, Fuller v. Hooper, 3 Gray, 334. Debt admitted to proof.